IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CASTLEPOINT NATIONAL INSURANCE COMPANY f/k/a SUA INSURANCE COMPANY, | * * * * | |
| Plaintiff, | * * | NO. 2010-676 |
| vs. | * * | |
| CLASSIC HOME BUILDERS, LLC; ROBERT WHITE and WANDA WHITE, | * * * | |
| Defendants. | * | |

**PLAINTIFF CASTLEPOINT NATIONAL INSURANCE COMPANY F/K/A SUA INSURANCE COMPANY'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff CastlePoint National Insurance Company f/k/a SUA Insurance Company ("CastlePoint"), by and through its undersigned counsel, hereby requests this Court for leave to file its Amended Complaint against Defendants, Classic Home Builders, L.L.C. ("Classic"), Robert White and Wanda White (collectively the "Whites") pursuant to FED. R. CIV. P. 15(a)(2), and in support thereof, states as follows:

1. On December 6, 2010, CastlePoint filed its Complaint for Declaratory Judgment seeking a declaration that it owes no duty to defend or indemnify Classic under its policies issued to Classic arising out of a Complaint filed by the Whites in the underlying lawsuit.

2. CastlePoint recently learned that the Whites had filed their First Amended Complaint in the underlying lawsuit on or about August 19, 2010. In the First Amended Complaint, the Whites assert a new cause of action under the Magnuson-Moss Act and also seek additional damages for emotional distress.

3. CastlePoint seeks leave of this Court to amend its Complaint for Declaratory Judgment in order to address the new cause of action and additional damages asserted in the First Amended Complaint. A copy of the proposed Amended Complaint is attached hereto as <u>Exhibit A</u>.

4. On February 15, 2011, this Court entered a scheduling order requiring the parties to file a motion for leave to amend the pleadings by May 13, 2011. (*See* Docket No. 20). CastlePoint has timely filed this motion in compliance with the Court's scheduling order.

5. CastlePoint's motion is brought pursuant to Fed. R. Civ. P. 15(a)(2). This rule provides that amendments "shall be freely given when justice so requires". *Godard v. Alabama Pilot, Inc.*, 2007 U.S. Dist. LEXIS 933 at *3 (S.D. Ala.).

6. The Eleventh Circuit held that "leave to amend must be granted absent a specific, significant reason for denial". *Spanish Broadcasting System of Florida, Inc. v. Clear Channel Communications, Inc.*, 375 F. 3d 1065, 1077 (11th Cir. 2004); *Godard v. Alabama Pilot, Inc.*, 2007 U.S. Dist. LEXIS 933 at *3 (S.D. Ala.). The Eleventh Circuit explained that "such leave should be 'freely given,' as required by [Fed. R. Civ. P. 15(a), except in the presence of countervailing factors such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Spanish Broadcasting*, 375 F. 3d at 1075; *Godard*, 2007 U.S. Dist. LEXIS 933 at *3.

7. None of the countervailing factors are present here. First, there is no undue delay as the original Complaint for Declaratory Judgment was filed only four months ago, and CastlePoint recently learned of the First Amended Complaint. Second, there is no bad faith or dilatory motive present here as CastlePoint has moved to amend its complaint within a

reasonable time and well prior to the deadline set forth by this Court. (*See* Docket No. 20). Third, there is no repeated failure to cure deficiencies because this is CastlePoint's first request to amend its Complaint. Fourth, there is no prejudice to the defendants because discovery has recently commenced and does not close until September 13, 2011. (*See* Docket No. 20). Moreover, there is no prejudice to the defendants because they are parties to the underlying lawsuit. Fifth, the amendment is not futile because CastlePoint sufficiently pled its claim for declaratory relief in the Amended Complaint.

8. Finally, allowing CastlePoint to file its Amended Complaint comports with the "policy of the federal rules . . . to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Crouch v. Teledyne Continental Motors, Inc*. 2010 U.S. Dist. LEXIS 63529 at * 4 (S.D. Ala.).

9. Although counsel for Plaintiff contacted counsel for Defendants to determine whether they would agree to this motion, to date they have yet to respond.

WHEREFORE Plaintiff, CastlePoint respectfully requests this Court grant the instant motion and order that it be given leave to file the attached Amended Complaint, and for any and all other relief this Court deems just and appropriate.

DATED: March 30, 2011

/s Christina May Bolin
CHRISTINA MAY BOLIN (MAYCH6582)
E-Mail: CMB@AlfordClausen.com
Attorneys for Plaintiff

3

OF COUNSEL:

ALFORD, CLAUSEN & McDONALD, LLC
One St. Louis Centre, Suite 5000
Mobile, Alabama  36602
(251) 432-1600
(251) 432-1700 (fax)

## CERTIFICATE OF SERVICE

  I hereby certify that on <u>March 30, 2011</u>, the foregoing document was electronically filed with the Clerk of this Court using the CM/ECF system which will send notification of such filing to the following:

  Jason R. Watkins, Esq.
  Ball, Ball, Matthews & Novak, P.A.
  107 St. Francis Street, Suite 2515
  RSA GM Building
  Mobile, Alabama  36602
  Attorney for Defendant Classic Home Builders, LLC

  Jonathon R. Law, Esq.
  Daniell, Upton, Perry & Morris, P.C.
  P.O. Box 1800
  Daphne, AL  36526
  Attorney for Robert and Wanda White


        */s Christina May Bolin*
        COUNSEL